# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FESTUS O. OHAN,<br><br>                Plaintiff,<br><br>       v.<br><br>AMERICAN MEDICAL<br>ASSOCIATION, *et al.,*<br><br>                Defendants. | Case No. 3:23-cv-00047-SLG |

## **ORDER OF DISMISSAL**

On March 2, 2023, self-represented litigant Festus O. Ohan ("Plaintiff") filed a civil complaint ("Complaint") and a civil cover sheet.[1] Plaintiff paid the filing fee,[2] but also filed an Application to Waive the Filing Fee with a handwritten notation indicating the fee was "paid."[3] On March 14, 2023, Plaintiff filed a "Notice of Filing" containing additional pages of handwritten narrative that he instructed the Clerk to file in the nine cases he has initiaited in this case in 2022 and 2023.[4] On June 20,

---

[1] Dockets 1-2.

[2] Docket 1 (Filing fee $ 402: Receipt #100002161).

[3] Docket 1-1.

[4] *See* Docket 3 (listing the following cases: (1) Ohan v. Rettig, 3:23-cv-00046-SLG; (2) Ohan v. American Medical Association, 3:23-cv-00047-SLG; Ohan v. North Atlantic Treaty Organization, 3:22-cv-226-RRB; (4) Ohan v. ABN AMRO, 3:22-cv-00212-RRB; (5) Ohan v. Fontoura, 3:22-cv-00207-RRB; (6) Ohan v. U.S. Department of Justice, 3:22-cv-00221-RRB; (7) Ohan v. Schmidt, 3:22-cv- 00182-JMK; (8) Ohan v. Rettig, 3:22-cv-00011-SLG; and (9) Ohan v. Zion, 3:22-cv-00266-JMK).

2023, the Court received a letter from the United States Court of Appeals for the Federal Circuit forwarding a Notice of Appeal, a Motion for Leave to Appeal without paying the filing fee, and 154 pages of documents that court had received from Plaintiff on June 1, 2023.[5] The Notice of Appeal has since been relayed to the Ninth Circuit Court of Appeals. To date, this Court has not entered any orders in this case until this order.

Plaintiff brings suit against the American Medical Association, National Board of Medical Examiners, Federation of States Medical Board, American Hospital Association, and Association of American Medical Colleges ("Defendants") for "Gross Violation of [his] Rights and the 'Taken [sic] of Properties' + 'Act of God.' "[6] Plaintiff describes events he alleges occurred between 1966 to 2013 in Claim One,[7] "from the origin of humans to present" in Claim Two,[8] and "from decades ago to present time" in Claim Three.[9] For relief, he seeks damages in the "Quadrillions" and additional remedies that lack a basis in fact or law such as an "antidote to what they injected in [him] at childhood," for the Court to "extinct their behavior," and a declaration that "they stop cooking dates and history."[10]

---

[5] Dockets 4, 4-1, and 5.

[6] Docket 1 at 1.

[7] Docket 1 at 3 (Claim 1).

[8] Docket 1 at 4.

[9] Docket 1 at 5.

[10] Docket 1 at 6.

Case No. 3:23-cv-00047-SLG, *Ohan v. American Medical Association, et al.*
Order of Dismissal
Page 2 of 8
Case 3:23-cv-00047-SLG   Document 8   Filed 07/19/23   Page 2 of 8

Although Plaintiff has an appeal pending before the Ninth Circuit, frivolous interlocutory appeals do not divest a district court of jurisdiction.[11] The pending appeal is frivolous because when the appeal was filed, this Court had not yet entered any order in this case. Therefore, the Court now addresses Plaintiff's Complaint and pending motion.

Plaintiff has paid the filing fee and non-prisoner complaints are not subject to 28 U.S.C. § 1915(e) or 1915A screening requirements. Nonetheless, "federal courts are under an independent obligation to examine their own jurisdiction[.]"[12] To the extent the Court can decipher the Complaint, it is immediately apparent that the Complaint is fundamentally flawed. Indeed, the Court either lacks jurisdiction over Plaintiff's claims or the claims are unsupported by any "cognizable legal theory" and, thus, warrant dismissal.

## DISCUSSION

### I. Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[13] A court's subject matter jurisdiction is its "statutory or constitutional power to

---

[11] *United States v. Hickey,* 580 F.3d 922, 928 (9th Cir. 2009) ("Filing an appeal from an unappealable decision does not divest the district court of jurisdiction."). *See also Nascimento v. Dummer,* 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.").

[12] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[13] Black's Law Dictionary, (11th ed. 2019).

Case No. 3:23-cv-00047-SLG, *Ohan v. American Medical Association, et al.*
Order of Dismissal
Page 3 of 8
Case 3:23-cv-00047-SLG   Document 8   Filed 07/19/23   Page 3 of 8

adjudicate a case."[14]  As a federal court, this Court has limited subject matter jurisdiction.  It possesses "only that power authorized by the Constitution and statute."[15]  This means that the Court has the authority to hear only specified types of cases.[16]  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[17]  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.[18]

Despite giving a liberal construction to the Complaint, the Court cannot ascertain the substance of Plaintiff's grievances nor what rights under the Constitution or laws of the United States Plaintiff believes were violated by these Defendants, none of whom appear to be governmental entities.  And to the extent Plaintiff is asserting that this Court has jurisdiction based on diversity of citizenship, it is unclear what, if any, state law claims he is attempting to bring before this Court.

---

[14] *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998).

[15] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[16] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008); *Daimler Chrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[17] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[18] *Kokkonen*, 511 U.S. at 377.

Case No. 3:23-cv-00047-SLG, *Ohan v. American Medical Association, et al.*
Order of Dismissal
Page 4 of 8
Case 3:23-cv-00047-SLG   Document 8   Filed 07/19/23   Page 4 of 8

## II. Requirements to State a Claim

To state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[19] "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[20] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.[21]

A complaint seeking relief from a federal court must be clear. It must be legibly handwritten or typewritten and have margins of at least one inch around all text.[22] A complaint should set out each claim for relief separately and include specifics about how each named defendant is involved in causing an injury to the plaintiff.[23] There can be no liability under unless there is some affirmative link or connection between a defendant's actions and the claimed injury.[24]

The Complaint is neither short nor plain and does not set forth facts that could state a viable claim for relief. The Court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of

---

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[22] *See* Alaska L. Civ. R. 7.5.

[23] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[24] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

fact.[25] Further, even if the Court could discern a plausible claim, the alleged events appear to be time-barred by the statute of limitations.[26] Although Plaintiff alleges these events and his damages are ongoing, the Court cannot discern a reason the statute should be tolled.[27] If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[28] Read as a whole and liberally construed, the Complaint fails to state a claim upon which relief can be granted. Therefore, the Complaint is DISMISSED.

## III. Amendment is Futile

If a court dismisses a complaint, then as a general rule it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[29] In making this determination, a court should consider factors such as "the presence

---

[25] *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

[26] *See* STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019) ("[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered.)")

[27] The applicable statute for state law tort claims is two years. *See* Alaska Stat. § 09.10.070(a) ("Except as otherwise provided by law, a person may not bring an action ... unless the action is commenced within two years of the accrual of the cause of action.").

[28] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual); *See also Holmes v. Forman,* 2023 WL 319918, at *3 (C.D. Cal. Jan. 19, 2023) (finding claims time-barred since "none of these later events have shed any new light on the conduct of Defendants that Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the alleged conduct that is the basis of his action.").

[29] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Case No. 3:23-cv-00047-SLG, *Ohan v. American Medical Association, et al.*
Order of Dismissal
Page 6 of 8
Case 3:23-cv-00047-SLG   Document 8   Filed 07/19/23   Page 6 of 8

or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."[30] A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[31]

Considering the number of unsuccessful actions brought by Plaintiff thus far and Plaintiff's repeated inability to keep his filings short and plain, follow the Federal Rules of Civil Procedure and orders of the Court, and include only proper defendants and claims, the Court finds amendment would be futile. Therefore, this case is DISMISSED.

## IV. Motion For Leave to Appeal Without Paying the Filing Fee

A final judgment or an appealable interlocutory order must be issued by the district court before the case becomes appealable.[32] When the notice of appeal was filed, the Court had not yet entered a final judgment or any interlocutory orders, appealable or otherwise, in this case.[33] Because there was no basis for appeal,

---

[30] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

[31] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

[32] *WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1137 (9th Cir. 1997).

[33] *See* 28 U.S.C.A. §§ 1291, 1292. See also *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949) ("So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal."); *WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (dismissal of complaint with leave to amend is not appealable); *Wilborn v. Escalderon,* 789 F.2d 1328, 1330 (9th Cir. 1986) (denial of appointment of counsel in civil case is not appealable).

Case No. 3:23-cv-00047-SLG, *Ohan v. American Medical Association, et al.*
Order of Dismissal
Page 7 of 8
Case 3:23-cv-00047-SLG   Document 8   Filed 07/19/23   Page 7 of 8

the Notice of Appeal is frivolous and Plaintiff's Motion for Leave to Appeal without paying the filing fee at Docket 5 is **DENIED.**

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint is **DISMISSED**.
2. Plaintiff's Motion for Leave to Appeal Without Paying the Filing Fee at Docket 5 is DENIED.
3. The Clerk of Court shall enter a Final Judgment accordingly.

DATED this 19th day of July, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00047-SLG, *Ohan v. American Medical Association, et al.*
Order of Dismissal
Page 8 of 8
Case 3:23-cv-00047-SLG   Document 8   Filed 07/19/23   Page 8 of 8